**IT IS ORDERED as set forth below:**



**Date: March 22, 2023**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| 5009 MANNA PETROS SPE, LLC. | ) | Case No. 22-57056-PMB |
| | ) | |
| Debtor. | ) | |

**ORDER CONFIRMING THE DEBTOR'S
CHAPTER 11 PLAN OF REORGANIZATION**

This matter came before the Court on March 20, 2023 at 1:30 p.m. to consider confirmation of the Debtor's Plan of Reorganization (the "Plan") (Doc. 41) filed on January 1, 2023 by the Debtor, 5009 Manna Petros SPE, LLC. The Court has reviewed the evidence presented and the record of this case, including the proffer made by counsel for the Debtor at the hearing, the testimony of Debtor's principal, and the docket in this case. Having considered the evidence presented, the arguments of counsel, and being otherwise fully advised in the premises, after notice and a hearing, the Court finds and concludes as follows:

**FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the Order setting a hearing on confirmation were served upon all creditors, interest holders, and parties requesting notice. (Doc. Nos. 52 and 54). Accordingly, the method of service, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with FRBP and were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the Confirmation Deadlines was necessary or required.

D. **Appearances; Objections to Confirmation**. Present at the hearing were counsel for the Debtor, Shayna Steinfeld, Debtor's principal, Scott Honan, A. Christian Wilson on behalf of Ameris Bank and Thomas Dworschak on behalf of the U.S. Trustee. No objections to confirmation of the Plan were filed by any creditor or party in interest in this case; nor were any advocated at the hearing.

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

E.     **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F.     **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the Plan.

G.     **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan has no impaired classes of creditors under the Plan.

H.     **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I.     **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 5 of the Plan provides adequate means for the Plan's implementation, including the refinance of the underlying property.

J.     **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy.

K.     **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Article 8 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or

assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section. Article 8.01 is hereby modified to read as follows:

"Any executory contract and unexpired lease with Debtor that has not been previously assumed or rejected shall be deemed assumed on the date of the loan closing."

L. **Claims– 11 U.S.C. § 1123(b)(3)**. Sections 5.05 and 5.06 of the Plan, pursuant to the Bankruptcy Code, provide for the retention and prosecution of claims and interests belonging to the Debtor.

M. **Claims– 11 U.S.C. § 1123(b) (5)**. Article 4 of the Plan, pursuant to the Bankruptcy Code, provides for the payment of secured claims, specifically that claim held by Ameris Bank as set forth in Section 4.04(a) providing for payment in full in accordance the entry of the Strict Compliance Order on the Bank's Motion to Dismiss and/or to Lift the Automatic Stay [Doc. No. 48].

N. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O. The Court finds and concludes as follows:

    1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

    2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

    3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or

in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(6)**. There is no government regulatory commission with jurisdiction to approve any rates over Debtor such that this provision is inapplicable.

6. **11 U.S.C. § 1129(a)(7)**. There are no impaired class of claims or interests so this provision is not applicable.

7. **11 U.S.C. § 1129(a)(8).** The Plan complies with § 1129(a)(8)(B). All classes are unimpaired.

8. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that all priority claims under the applicable subsections of 11 U.S.C. §507 will be paid in full on a timely basis.

9. **11 U.S.C. § 1129(a)(10)**. There are no impaired class of claims so this provision is not applicable.

10. **11 U.S.C. § 1129(a)(11)**.  The Court heard the testimony of Mr. Honan and concludes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan.

11. **11 U.S.C. § 1129(a)(12)**.  Debtor is current with all of its U.S. Trustee fees pursuant to 28 U.S.C. §1930.

12. **Remaining provisions of 1129(a).**  The remaining provisions of 1129(a) do not apply to the circumstances of this case and have, therefore, been met for confirmation.

Accordingly, it is hereby **ORDERED** that:

1. **Confirmation**.  The Plan is confirmed.

2. **Binding Effect of Plan**.  Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan, as of the effective date, bind the Debtor and any creditor, whether or not the claim or interest of such creditor, is impaired under the Plan, and whether or not such creditor has accepted the Plan.

3. **Re-vesting of Property**.  Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the effective date, all of the property of the estate vests in the Debtor.  Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operation of Business**.  Except as otherwise provided in the Plan or in this Confirmation Order, on and after the effective date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions

of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval. Debtor has the authority to close on the post-petition refinancing/sale contemplated by the Order entered by the Court on Ameris Bank's Motion to Dismiss or, in the Alternative for Relief from the Relief from the Automatic Stay [Doc. No. 48], as expressly incorporated into the Chapter 11 Plan [Doc. No. 41] and as contemplated by the term sheets attached to the Disclosure Statement. [Doc. No. 42, Exhibit B]. If necessary, Debtor may, in the alternative, sell the property in order to meet its obligations to pay all creditors under the Plan, including Ameris Bank as contemplated by the Order entered by the Court on Ameris Bank's Motion to Dismiss or, in the Alternative for Relief from the Relief from the Automatic Stay [Doc. No. 48], as expressly incorporated into the Chapter 11 Plan [Doc. No. 41] if a buyer is ready, willing and able to close by that deadline.

5. **Injunction and Discharge**. Debtor is granted a discharge of all debts provided in 11 U.S.C. § 1141(d)(1)(A), and all other debts allowed under 11 U.S.C. § 503 and provided for in the Plan, on the date that this Order enters. To the extent the discharge provisions set forth in section 11.04 of the Plan are inconsistent with this Confirmation Order, 11 U.S.C. § 1141(d), or any other provision of the Bankruptcy Code, this Order, 11 U.S.C. § 1141(d), and the Bankruptcy Code shall control.

6. **Disbursing Agent**. Debtor shall make payments under the Plan.

7. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a final decree by the Bankruptcy Court.

8. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, or provided for under the Plan, all executory contracts and unexpired leases not otherwise assumed shall be deemed assumed on the date of the loan closing.

10. **Service of Confirmation Order**. Debtor's counsel is directed to serve a copy of this Order on all parties and file a certificate of service within three (3) days of the entry of this Order.

11. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court, including but not limited to the documents necessary to close the refinance (or any sale) of the underlying real estate.

**Section 12.01** **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

(a) To determine the allowance or classification of Claims or Equity Interests under this Plan and to determine any objections thereto;

(b) To construe and to take any action to enforce this Plan and to issue such orders as may be necessary for the implementation, execution, and consummation of this Plan;

(c) To determine all applications for allowance of compensation or reimbursement of expenses;

(d) To determine any other request for payment of Administrative Claims;

(e) To resolve any dispute regarding the implementation or interpretation of this Plan;

(f) To determine any and all motions pending as of the Confirmation Date for the rejection, assumption or assignment of executory contracts or unexpired leases and the allowance of any Claim resulting therefrom;

(g) To determine all applications, motions, adversary proceedings, contested matters and other litigated matters that may be pending in the Bankruptcy Court on or initiated after the Effective Date;

(h) To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(i) To modify the Plan pursuant to Section 1127 of the Bankruptcy Code, or to remedy any apparent nonmaterial defect or omission in this Plan, or to reconcile any nonmaterial inconsistency in this Plan so as to carry out its intent and purpose;

(j) To enter an order or final decree closing this Bankruptcy Case;

(k) To determine matters under Section 505 of the Bankruptcy Code relating to any tax for which the Reorganized Debtor may be liable;

(l) To consider and act on the compromise and settlement of any claim against the Debtor or Debtor-in-Possession or its Estate;

(m) To determine all questions and disputes regarding title to the assets of the Debtor, Debtor-in-Possession, the Estate, or the Reorganized Debtor; and

(n) To construe, enforce and resolve all questions and disputes relating to employment agreements existing or approved by the Bankruptcy Court at or prior to Confirmation.

END OF ORDER

**Prepared and submitted by:**

**STEINFELD & STEINFELD, PC**
*/s/ Shayna M. Steinfeld*
Shayna M. Steinfeld, Georgia Bar No. 622895
11B Lenox Pointe, NE, Atlanta, Georgia 30324
(404) 636-7786
Attorneys for Debtor